FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA    97 MAY 22 PM 3: 39
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ROSLYN D. ARCHIE,                )
                                 )
        Plaintiff,               )
                                 )
vs.                              )   CIVIL ACTION NO. 97-RRA-0033-S
                                 )
THE JEFFERSON COUNTY RACING      )
ASSOCIATION, INC. d/b/a THE NEW  )
BIRMINGHAM RACE COURSE,          )       ENTERED
                                 )
        Defendants.              )       MAY 2 2 1997

## MEMORANDUM OPINION

The plaintiff alleges racial discrimination in her employment. The record shows that the plaintiff filed her EEOC claim on September 27, 1993. On August 27, 1996, the EEOC mailed the "right-to-sue" letter. The plaintiff had the letter in her hands in mid-October, 1996. Her complaint was filed with this court on January 6, 1997.

The defendant has filed a motion to dismiss on the ground that the complaint was filed more than ninety days after the plaintiff's receipt of the right-to-sue letter from the EEOC. The plaintiff filed a written response and her affidavit.[1] The plaintiff's affidavit automatically turned the defendant's motion to dismiss into a summary judgment motion. Rule 12 (b), *Federal Rules of Civil Procedure.* The defendant replied with further legal argument.

---

[1] The affidavit was not properly notarized but the defendant stated to the court that the statement may be treated by the court as an affidavit.

In *Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522 (11th Cir. 1991), the Eleventh Circuit stated:

> Under the law of our Circuit, the 90-day statute of limitations commences upon receipt of the right-to-sue letter. However, a plaintiff is required to assume some minimum responsibility to insure receipt. The court has adopted a case-by-case approach in determining what constitutes receipt and when the time is triggered.

*Stallworth*, 936 F.2d at 524.

In *Lewis v. Connors Steel Company,* 673 F.2d 1240, 1243 (11th Cir. 1982), the court stated that consideration of the question of whether a complaint was untimely filed must begin with *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974). In *Franks*, the first letter was delivered to the plaintiff's correct address. Franks' nine-year-old nephew accepted the right-to-sue letter, which had been sent by certified mail, but the child lost the letter. Franks knew some letter had been received, but he never saw it. The court held that Franks' time to file suit counted from the time he received the second letter, not from the time the first letter was receipted for by the nephew. *Lewis* quoted *Franks*:

> "Congress did not intend to condition a claimant's right to sue . . . on fortuitous circumstances or events beyond his control . . . ." 495 F.2d at 404. The court concluded where "it is shown that the claimant through no fault of his own has failed to receive the suit letter . . . the delivery of the letter to the mailing address cannot be considered to constitute statutory notification." 495 F.2d at 405.

*Lewis v. Connors Steel Company*, 673 F.2d at 1242.

In the *Lewis* case, the plaintiff wrote the EEOC in July, requesting a right-to-sue letter, giving as his return address the residence of a friend with whom he was temporarily staying.

2

Later in July, Lewis called the EEOC about the letter. In August, the EEOC sent the letter by registered mail to Lewis' temporary residence; however, by that time Lewis had moved. Lewis claimed that in November, he went to the EEOC to inquire about the letter, that he was then given a copy, which he immediately took to his lawyer, who filed suit four days later. The district court held that the plaintiff should have informed the EEOC when he changed residences. The Eleventh Circuit stated:

> We believe it to be fair and reasonable for the plaintiff, as suggested by the trial judge, to assume the burden of advising the EEOC of address changes or to take other reasonable steps to ensure delivery of the notice to his current address. Whether plaintiff did or did not, we cannot tell without knowing what his evidence may be. If he did not contribute that minimum assistance to the process, he should not be heard to complain that he did not receive the letter delivered to the last address known to the EEOC, unless he can show, in the words of *Franks* that other "fortuitous circumstances" or "events beyond his control" intervened, 495 F.2d at 404, and that he "through no fault of his own" failed to receive the suit letter, 495 F.2d at 405. Placement of this *de minimus* burden on the plaintiff also comports with the legislative purpose undergirding the ninety-day filing period, which is a protection to the employer and is plainly for its benefit alone.

*Lewis,* 673 F.2d at 1243.

In *Stallworth v. Wells Fargo,* 936 F.2d 522 (11th Cir. 1991), Stallworth's attorney, on May 15, 1989, after hearing nothing from the EEOC for seven months, requested the EEOC to send a right-to-sue letter, and he also requested that a copy be sent to him. Several days later, the letter was mailed to the address Stallworth had given the EEOC, but the attorney was not copied. The letter was received by Stallworth's twenty-five-year-old nephew, who never gave it to the Stallworth. Stallworth had resided at the address she had given the EEOC, which was

3

her family home, before February of 1989, and after August of 1989. Between February of 1989 and August of 1989, however, Stallworth lived at a different address. Stallworth did not advise her lawyer or the EEOC that her address had temporarily changed, but it was the family's practice to take delivered mail from the mailbox and put it in a designated place in the house. The plaintiff had regularly checked for mail at the family home, including six occasions during May, but she never saw the letter. On September 14, Stallworth's attorney again requested that the letter be sent. Another letter was sent, and this time the letter was received. Only if the time the second letter was received is used, suit was timely filed. The Eleventh Circuit stated:

> We agree with *Stallworth* that she has satisfied the minimum burden imposed upon her by the law of this Circuit. It is reasonable to continue to receive mail at one's permanent home address during a temporary absence. Nor is it unreasonable to check for the mail there six times during the crucial month, when the family practice is to leave the mail in a designated place. We conclude that the primary fault for the failed delivery in this case rests upon the EEOC because of its failure to mail a copy of the right-to-sue letter to Stallworth's attorney. Not only was the EEOC expressly requested to mail a copy to the attorney, but also the EEOC compliance manual provides that a copy of the right-to-sue letter should be sent to the claimant's attorney.

*Stallworth*, 936 F.2d at 525.

In *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982), it was held that receipt by the wife of the right-to-sue letter when the plaintiff husband was away for a few days sufficed to constitute receipt by the plaintiff, because a plaintiff should not enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless. It was held in *Law*

4

*v. Hercules, Inc.*, 713 F.2d 1240, 1243 (11th Cir. 1982), that the claimant had notice at the time his seventeen-year-old son picked up the letter at the post office.

In the case at bar, the plaintiff states in her affidavit:

> [I] received the right-to-sue letter approximately the week of October 14, 1996. I received this letter at my grandmother's residence when I was visiting the weekend before October 14, 1996. The letter was in the family den in a cabinet where lots of different articles are placed for different family members, so if one of us is to stop by grandma's, you might remember to get your mail if you are in the den watching TV.

The plaintiff's attorney points out:

> The EEOC was two and one-half years late in sending out the EEOC notice, if you take the 180 days as a time mark of when to expect the right-to-sue letter to be forthcoming. . . . It seems that after three years of being tied up in EEOC, the plaintiff did well to insure that the EEOC had an address that would be permanent, her grandmother's.

*Plaintiff's Response to Defendant's Motion to Dismiss,* p. 3.[2]

Defendant's counsel responded: "[h]ad [the plaintiff] kept the EEOC informed of her current address, or remembered to get her mail if she was watching TV in the den at her grandmother's house on a more regular basis, she would not now be clutching at straws." *Defendant's Reply to Plaintiff's Response to the Motion for Summary Judgment,* p. 3.

If the plaintiff in the case at bar had a better address than her grandmother's residence, she did not inform the EEOC. The mailing address used by the EEOC, however, which of

---

[2] *Occidental Life Insurance Company of California v. Equal Employment Opportunity Commission,* 432 U.S. 355 (1977), states that a plaintiff who is unwilling to wait on the conclusion of lengthy EEOC proceedings can file a lawsuit within 180 days after the EEOC charge has been filed.

5

course was furnished by the plaintiff, was not the problem. Based upon her affidavit, during the time in question the plaintiff regularly received mail with her grandmother's address on it, and the plaintiff's mail was put in a cabinet in the grandmother's den. The reason the plaintiff did not have the letter in her hands until mid-October was that she simply did not check for mail sooner. When the plaintiff remembered to check for mail in mid-October, the letter was there, waiting for her. It is concluded that it cannot be said that this plaintiff did not have the right-to-sue letter in her hands *promptly* after it was mailed because of "fortuitous circumstances or events beyond [her] control," and "through no fault of [her] own."[3]

Wherefore, the defendant's summary judgment motion is due to be granted. An appropriate order will be entered.

DONE this 22 day of May, 1997.

*Robert R. Armstrong*
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] "Promptly" is emphasized because the plaintiff did receive, at the only address furnished the EEOC, the only right-to-sue the EEOC letter mailed to her. (When the plaintiff actually had the letter in her hands, she had approximately one and one-half months to file her lawsuit.)